Katrina P. Petrini
1526 Roadside Drive
Canyon Lake TX
kat@labormarketguide.com

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF TEXAS

# AUSTIN DIVISION

| | |
|---|---|
| Katrina P. Petrini,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Sarju A. Naran, Rachel A. Garcia., Law Firm Hoge, Fenton, Jones & Appel, Inc., Simon Group Consulting, Inc., County of Santa Clara, Superior Court of Santa Clara,<br>Does 1 to 50,<br><br>　　　　Defendants. | CASE NO.: 1:24CV-202-RP<br><br>Plaintiff's Verified Motion in Opposition to Defendant Simon Group Consulting, Inc.'s (1) Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction,<br>(2) Rule 12 (b)(5) Motion to Dismiss for Insufficient Service of Process, and<br>(3) Rule 12 (b)(6) Motion to Dismiss for Failure to State a Claim |

Plaintiff's Verified Motion in Opposition to Defendant Simon Group Consulting, Inc.'s (1) Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction, (2) Rule 12 (b)(5) Motion to Dismiss for Insufficient Service of Process, and (3) Rule 12 (b)(6) Motion to Dismiss for Failure to State a Claim

1

**Plaintiff's Verified Motion in Opposition to Defendant Simon Group Consulting, Inc.'s (1) Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction, (2) Rule 12 (b)(5) Motion to Dismiss for Insufficient Service of Process, and (3) Rule 12 (b)(6) Motion to Dismiss for Failure to State a Claim**

Defendant Simon Group Consulting Inc. filed a motion to dismiss based on irrelevant or untrue facts and therefore the plaintiff is filing this motion in opposition to the defendant's motion to dismiss.

## Facts

The plaintiff is a previous employee of Simon Group Consulting Inc. from 2016 when the company was a DBA until March of 2021 when the plaintiff was terminated by the corporation. The plaintiff moved to Texas in August of 2017 until present with permission of the plaintiff's employer aka the defendant which incorporated under the same exact management. It was during this time period the defendant alleges criminal activity against the plaintiff under California Penal Code 502 all of which is stated in the complaint with less detail.

The plaintiff operated a competing company after she was terminated by Simon Group Consulting, Inc., Scott Simon, sole owner and operator of Simon group consulting Inc., recommended the plaintiff become a 1099 contractor by opening her own company. The plaintiff's company is called Labor Logix Inc. which the plaintiff could and did operate from Texas. Scott Simon became angry about the new competition and had his company Simon Group Consulting Inc. file 4 false claims with the EDD in order to prevent the plaintiff from receiving entitled state benefits. The EDD found in the plaintiffs favor 4 times. Additionally, Scott Simon, and his shell corporation Simon Group Consulting Inc. defamed the plaintiff to

Plaintiff's Verified Motion in Opposition to Defendant Simon Group Consulting, Inc.'s (1) Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction, (2) Rule 12 (b)(5) Motion to Dismiss for Insufficient Service of Process, and (3) Rule 12 (b)(6) Motion to Dismiss for Failure to State a Claim

colleagues and potential clients of the plaintiffs through a written letter that was circulated to the plaintiff.

The plaintiff in turn filed a complaint against Scott Simon and his company Simon Group Consulting Inc. for defamation and the plaintiff included a whistleblower claim relating to workmen's compensation fraud and fraud against workmen's comp insurance companies and clients of Scott Simon and his company Simon Group Consulting, Inc. Simon Group Consulting Inc. and Scott Simon provides expert reports to the Workman Compensation Board of California for 100% disabled workers to receive insurance benefits provided by workman's compensation benefits for life as well as their legal counsel. Simon Group Consulting Inc. and Scott Simon claim to their clients, workman's comp board and insurance company attorneys that Scott Simon or other highly credentialed member of his faculty wrote the expert reports in an attestation pursuant to the CA labor code within the report and turned over as substantial evidence. Scott Simons simple scheme is to have ghost writers review medical records and form conclusions and write expert reports relating to 100% disabled workers to receive workman's comp benefits and then claim that highly credentialed members of his staff wrote the reports which is simply untrue and fraudulent. This injured the plaintiff as the plaintiff is unable to prove her work experience in her acquisition of employment because Plaintiff was never disclosed as a writer on these reports pursuant to statutory requirement.

The plaintiff was ordered by Simon Group Consulting Inc. through Scott Simon to write one expert report a day which the plaintiff did and Scott Simon or the Simon Group Consulting Inc.

Plaintiff's Verified Motion in Opposition to Defendant Simon Group Consulting, Inc.'s (1) Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction, (2) Rule 12 (b)(5) Motion to Dismiss for Insufficient Service of Process, and (3) Rule 12 (b)(6) Motion to Dismiss for Failure to State a Claim

3

sold for just under $10,000 for each report. If Simon Group Consulting Inc. and Scott Simon disclosed who actually wrote the expert reports, the reports would be worth far less and possibly not even be submittable to the workman's comp board and would make these disability cases subject to a higher level of scrutiny for review.

In order to cover up the plaintiff's whistleblower claims Scott Simon, Simon Group Consulting, Inc. and their attorneys Rachel A. Garcia and Sarju A. Naran and their law firm conspired to violate the plaintiffs civil rights by filing a criminal cross complaint under California Penal Code 502 in civil court. A public offense that the plaintiff has never been charged with by the state until Simon Group Consulting Inc.'s attorneys commandeered state powers of prosecution and filed a criminal complaint in civil court violating numerous civil rights of the plaintiffs relating to criminal prosecutions that has been put forth here in the plaintiff's complaint.

A successful Penal Code 502 prosecution allows the defendants amongst other things to seal records relating to the plaintiff's whistleblowing complaint. Many records relating to the plaintiff's complaint and the cross complaint in California Superior Court have already been sealed including the default judgment recently received by the defendants. The defendant's intentions have been to bury these records through a judicial sealing and effectively putting the plaintiff's criminal whistleblowing complaint to sleep.

Plaintiff's Verified Motion in Opposition to Defendant Simon Group Consulting, Inc.'s (1) Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction, (2) Rule 12 (b)(5) Motion to Dismiss for Insufficient Service of Process, and (3) Rule 12 (b)(6) Motion to Dismiss for Failure to State a Claim

**Personal Jurisdiction under Texas Long Arm Statute**

Texas courts may assert personal jurisdiction over a nonresident if (1) the Texas long-arm statute authorizes the exercise of jurisdiction and (2) the exercise of jurisdiction is consistent with federal due-process guarantees. *TV Azteca v. Ruiz*, 490 S.W.3d 29, 36 (Tex. 2016) (citing *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 414 S.W.3d 142, 149 (Tex. 2013) ). The Texas long-arm statute broadly permits jurisdiction over a nonresident doing "business in this state" if the nonresident "commits a tort in whole or in part in this state." TEX. CIV. PRAC. & REM. CODE § 17.042(2).

> Section 17.042 - Acts Constituting Business in This State
> In addition to other acts that may constitute doing business, a nonresident does business in this state if the nonresident:
> (1) contracts by mail or otherwise with a Texas resident and either party is to perform the contract in whole or in part in this state;
> (2) commits a tort in whole or in part in this state; or
> (3) recruits Texas residents, directly or through an intermediary located in this state, for employment inside or outside this state.
> *Tex. Civ. Prac. and Rem. Code § 17.042;* Acts 1985, 69th Leg., ch. 959, Sec. 1, eff. 9/1/1985.

Allegations that a tort was committed in Texas satisfy our long-arm statute, *Moncrief Oil*, 414 S.W.3d at 149, but such allegations must also satisfy due-process requirements, *Spir Star*, 310 S.W.3d at 872 ; *see* U.S. CONST. amend. XIV, § 1.

Here Plaintiff alleges that defendants Simon Group Consulting Inc. committed a tort within the forum state of Texas by bringing an illegal criminal prosecution before a civil court for alleged criminal actions the plaintiff committed while she worked as a Texas remote worker in the State

Plaintiff's Verified Motion in Opposition to Defendant Simon Group Consulting, Inc.'s (1) Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction, (2) Rule 12 (b)(5) Motion to Dismiss for Insufficient Service of Process, and (3) Rule 12 (b)(6) Motion to Dismiss for Failure to State a Claim

of Texas for Simon Group Consulting, Inc., said defendants brought the action willfully and knowingly against the plaintiff, a well-known domiciled Texas resident and Texas remote worker for Simon Group Consulting, Inc.

Simon Group Consulting, Inc. conspiring with their attorney defendants Rachel A. Garcia and Sarju A. Naran to criminally prosecute the plaintiff in violation to plaintiffs constitutionally protected civil rights is a substantial tort committed in Texas against a Texas remote worker.

Simon Group Consulting, Inc. also owns and operates a subsidiary called Scott Simon LLC both corporations are solely owned and operated by Scott Simon. Scott Simon LLC owned a property ½ mile from my home in Texas that was just sold by Simon Group Consulting Inc.'s subsidiary Scott Simon LLC.

There is personal jurisdiction if the state's long-arm statute extends to the defendant and exercise of such jurisdiction is consistent with due process. Sangha v. Navig8 Ship Management Private Ltd., 882 F.3d 96, 101 (5th Cir. 2018). "Because the Texas long-arm statute extends to the limits of federal due process, the two-step inquiry collapses into one federal due process analysis."

Due process requires that the defendant have "minimum contacts" with the forum state (i.e., that the defendant has purposely availed himself of the privilege of conducting activities within the forum state) and that exercising jurisdiction is consistent with "traditional notions of fair

Plaintiff's Verified Motion in Opposition to Defendant Simon Group Consulting, Inc.'s (1) Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction, (2) Rule 12 (b)(5) Motion to Dismiss for Insufficient Service of Process, and (3) Rule 12 (b)(6) Motion to Dismiss for Failure to State a Claim

play and substantial justice. Simon Group Consulting, Inc. has availed itself of the affordable labor offered by Texas remote workers.

"Minimum contacts" can give rise to either specific jurisdiction or general jurisdiction. In this case, Plaintiff relies on specific personal jurisdiction. Specific jurisdiction may exist "over a nonresident defendant whose contacts with the forum state are singular or sporadic only if the cause of action asserted arises out of or is related to those contacts." In other words, such jurisdiction exists "when a nonresident defendant has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." Id. "[S]pecific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction."

Texas's long-arm statute specifically provides that, "[i]n addition to other acts that may constitute doing business, a nonresident does business in this state if the nonresident:

(1) contracts by mail or otherwise with a Texas resident and either party is to perform the contract in whole or in part in this state;

(2) commits a tort in whole or in part in this state; or

(3) recruits Texas residents, directly or through an intermediary located in this state, for employment inside or outside this state. TEX. CIV. PRAC. & REM. CODE § 17.042.

The defendants actions meet these elements as Simon Group Consulting, Inc. hired a Texas Remote worker to provide services from Texas that Simon Group Consulting, Inc. profited from. This remote employment is contractual with services being provided from Texas to the defendants in California.

Plaintiff's Verified Motion in Opposition to Defendant Simon Group Consulting, Inc.'s (1) Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction, (2) Rule 12 (b)(5) Motion to Dismiss for Insufficient Service of Process, and (3) Rule 12 (b)(6) Motion to Dismiss for Failure to State a Claim

Simon Group Consulting, Inc. then files a criminal complaint against the plaintiff, a Texas remote worker in violation of the plaintiffs constitutional protected civil rights which is a tort. Intentionally directed at a Texas state domiciled resident in Texas and Texas remote worker.

Simon Group Consulting, Inc. owns and sells real property in Texas though a subsidiary Scott Simon LLC. which are both solely owned and operated by Scott Simon without a board of directors, officers or shareholders.

Simon Group Consulting, Inc.'s criminal prosecution of plaintiff under California Penal Code 502 are for alleged actions of the plaintiff that took place before Simon Group Consulting, Inc. was incorporated, an additional tort.

The minimum contracts prong of the inquiry is subdivided into contacts that will produce specific jurisdiction and contacts that will produce general jurisdiction. Specific jurisdiction will arise when defendant's contacts produced, or are related to, the cause of action. Helicopteros Nacionales de Colombia S.A. v. Hall, 466 U.S. 408, 414 n.8 (1984). General jurisdiction will arise when a defendant's contacts are so "continuous and systematic" as to make him amenable to suit on any cause of action. Id. at 414 n.9.

The party seeking jurisdiction bears the burden of proof but must only present a prima facie case. Id. To determine whether a prima facie case exists, the trier of fact must accept the plaintiff's "uncontroverted allegations" as true and resolve all conflicts of "[jurisdictional] facts contained in the parties' affidavits and other documentation" in the plaintiff's favor.

Plaintiff's Verified Motion in Opposition to Defendant Simon Group Consulting, Inc.'s (1) Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction, (2) Rule 12 (b)(5) Motion to Dismiss for Insufficient Service of Process, and (3) Rule 12 (b)(6) Motion to Dismiss for Failure to State a Claim

Freudensprung v. Offshore Tech. Servs., Inc., 379 F.3d 327, 343 (5th Cir. 2004) (alteration in original) (citation omitted).

The plaintiff has pled that she was a Texas remote worker for Simon Group Consulting, Inc. and that Simon Group Consulting, Inc. and it's defendant attorneys and firm had carried out 1983 torts against the plaintiff (in short). The plaintiff's employment is contractual with services provided from the State of Texas and delivered to California. Simon Group Consulting, Inc. also buys and sells real property in the State of Texas under a subsidiary, Scott Simon LLC owned and operated by Scott Simon. Plaintiff was also tasked by Simon Group Consulting, Inc. and Scott Simon LLC with locating real estate for purchase, organizing a land development project, obtaining permits and setting up utility operations within the forum State of Texas while working between the hours of 9 to 5 p.m. on the Simon Group Consulting, Inc. clock.

The plaintiff bears the initial burden of pleading allegations sufficient to confer jurisdiction. *Moki Mac*, 221 S.W.3d at 574 (citing *Coleman*, 83 S.W.3d at 807). The burden then shifts to the defendant to negate all bases of jurisdiction in the allegations. *Id.* (citing *BMC*, 83 S.W.3d at 793); *Moncrief Oil*, 414 S.W.3d at 149. The plaintiffs has meet the burden of correctly pleading allegations sufficient for this court to acquire jurisdiction. The defendant have failed to negate any basis for jurisdiction in the allegations at all. This court has jurisdiction in this matter and the matter should not be dismissed.

Plaintiff's Verified Motion in Opposition to Defendant Simon Group Consulting, Inc.'s (1) Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction, (2) Rule 12 (b)(5) Motion to Dismiss for Insufficient Service of Process, and (3) Rule 12 (b)(6) Motion to Dismiss for Failure to State a Claim

Simon Group Consulting, Inc. located in Los Gatos, California, hired an office manager, plaintiff, a Texas state resident, and a Texas remote employee. Plaintiff took direct orders daily through emails, telephone calls, text messages and a live link Google document created by the owner and disseminated to all Simon Group Consulting Inc. staff by owner and director, Scott Simon. Real time command correspondence was performed directly through the live link Google Document to Texas and every state where defendants employed staff who were required to log into the Google document while working so Plaintiff could report remote office attendance back to owner Scott Simon and for his own personal surveillance of remote workers. Plaintiff, from the State of Texas, managed Simon Group Consulting, Inc.'s employees and contractors that were located in Nevada, Oregon, South Carolina, North Carolina, Mississippi, Northern and Southern California. Owner and director Scott Simon paid Plaintiff directly into bank accounts that directly benefited Texas state citizens, companies, goods and services. In return Simon Group Consulting, Inc. received the benefit of affordable Texas labor and paid plaintiff $42.00 per hour to manage a multi-million dollar workers compensation med-legal consulting clinic that employed labor across the country.

Simon Group Consulting, Inc. benefitted from un-attested and undisclosed ghost writers across the country and the Southern states, especially Texas, that were paid relatively low wages for non-credentialed vocational rehabilitation clinical expert work product that was then sold to national insurance companies in multi-million dollar 100% disability insurance claims. Scott Simon would then deny that these ghost writers ever performed expert work, thereby not just

Plaintiff's Verified Motion in Opposition to Defendant Simon Group Consulting, Inc.'s (1) Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction, (2) Rule 12 (b)(5) Motion to Dismiss for Insufficient Service of Process, and (3) Rule 12 (b)(6) Motion to Dismiss for Failure to State a Claim

denying disclosure in the attestation but their also their work experience in the field altogether because the system he had set up to produce work product would be considered unethical since uncredentialed expert report writers were not-disclosed. If uncredentialed ghost writers were exposed the expert reports would be less valuable in the eyes of the trier of fact.

Simon Group Consulting, Inc. misrepresents its activities in Texas as the Simon Group Consulting Inc. did employ a Texas remote worker, the plaintiff. Simon Group Consulting, Inc. inherited Plaintiff as an employee from its original DBA The Simon Group aka Scott Simon and now Simon group Consulting Inc. The Simon Group Consulting Inc inherited The Simon Group and Scott Simon's employees both domestic and foreign including a Texas state remote worker, the plaintiff.

Simon Group Consulting Inc. was well aware of the plaintiffs remote Texas worker status as the companies sole owner and manager, Scott Simon, hired the plaintiff to work for his company The Simon Group in 2016 prior to the formation of Simon Group Consulting Inc. in 2021. Simon Group Consulting Inc. ultimately terminated the plaintiff's employment shortly after its formation on 2/1/2021. The plaintiff refused to sign a new employment contract that had a non-compete clause without offering any consideration or compensation.

Scott Simon, sole owner, operator and board member of Simon Group Consulting, Inc. and Scott Simon LLC, are both California shell corporations. Neither corporation has a real board of directors or corporate officers or stockholders besides Scott Simon. Scott Simon uses the

Plaintiff's Verified Motion in Opposition to Defendant Simon Group Consulting, Inc.'s (1) Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction, (2) Rule 12 (b)(5) Motion to Dismiss for Insufficient Service of Process, and (3) Rule 12 (b)(6) Motion to Dismiss for Failure to State a Claim

11

corporations to shield and protect his activities from liabilities and nothing more. Scott Simon LLC is a subsidiary of Simon Group Consulting Inc. both solely owned and operated by Scott Simon himself. Scott Simon and Scott Simon LLC bought and sold real estate in Texas just weeks ago at 1675 Royal Gate, New Braunfels TX 78132, by and through their corporate subsidiary Scott Simon LLC making substantial contacts to Texas contrary to Scott Simon's testimony.

The plaintiff will seek to pierce the corporate veil as Scott Simon operates all official roles of the Simon Group Consulting Inc. and Scott Simon LLC. both corporations are basically sole proprietorships. The Simon Group Consulting Inc. is nothing less than an alter ego of the sole owner operator Scott Simon. The corporation has not filed a Statement of Information since 2/2023. Simon Group Consulting, Inc. is also believed to be inadequately capitalized.

The complaint in question is in relation to the plaintiffs constitutionally protected civil rights. Any injury inflicted upon the plaintiff's constitutionally protected rights by the defendants is a personal injury. A personal injury can only take place against a person and becomes actionable wherever the person may be, in this case the State of Texas. A plaintiff can only be personally victimized by a civil rights violation and said violation can only take place where the plaintiff is located in Texas. A civil rights violation is a personal injury and can only be carried out where that victim is located. In this case the State of Texas.

The plaintiff will be requesting to amend the complaint to include Scott Simon as failure to disregard these corporate entities would promote continued injustice.

Plaintiff's Verified Motion in Opposition to Defendant Simon Group Consulting, Inc.'s (1) Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction, (2) Rule 12 (b)(5) Motion to Dismiss for Insufficient Service of Process, and (3) Rule 12 (b)(6) Motion to Dismiss for Failure to State a Claim

This federal court has jurisdiction over this matter through the Texas long-arm statute as the plaintiff is a Texas remote worker, contracted to perform services in the State of Texas for an out of state defendant. The defendant has carried out constitutional torts against the plaintiff in the State of Texas and the defendant conducts additional acquisition of real estate development in the State of Texas through a subsidiary, Scott Simon LLC. The Plaintiff has shown this court there are sufficient contacts of Simon Group Consulting, Inc. and their subsidiaries to the forum State of Texas to hold jurisdiction in this matter, all of which is stated in the Plaintiff's complaint and supporting Declaration with exhibits and is incorporated as pled.

**Plaintiff's claim has been properly pled so that relief can be granted.**

As stated in the plaintiff's complaint, Simon Group Consulting, Inc. conspired with attorney defendants to commandeer state powers to engage in a criminal prosecution in civil court violating the plaintiff's constitutionally protected civil rights. Conspiracy to violate an individual's constitutional protected rights is actionable under a 42 US Code 1983 claim and is a tortious claim.

A civil complaint Is not authorized under California Penal Code 502 (e) without first Identifying a violation of California Penal Code 502 (c) which requires a criminal prosecution since CA Penal Code 502 is a public offense and codified under CA Penal Code larceny laws. The defendants have filed an unsanctioned criminal complaint either directly or through conspiracy against the Plaintiff.

Plaintiff's Verified Motion in Opposition to Defendant Simon Group Consulting, Inc.'s (1) Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction, (2) Rule 12 (b)(5) Motion to Dismiss for Insufficient Service of Process, and (3) Rule 12 (b)(6) Motion to Dismiss for Failure to State a Claim

The defendants filed a criminal prosecution under California Penal Code 502 only. In order to file a civil action under Penal Code 502 (e), a claimant must first identify a violation of California Penal Code 502 (c), California Penal Code 502 (c) is where due process is to be afforded to the criminally accused, without a 502 (c) prosecution the accused constitutionally protected rights have not been applied. By filing a California Penal Code 502 (e) without a 502 (c) prosecution, the action becomes a civil rights violation as the prosecutor is removing both property and liberty based on a criminal complaint without affording the accused any constitutionally required due process for such an action of removing property and liberty based on a criminal complaint. Removing property or liberty from a person based on a criminal complaint must comply with all constitutional protections afforded by the law to the accused.

The plaintiff filed a clear and accurate complaint clearly stating the causes of action and the theories of liability relating to the causes of action with the court. The plaintiff's complaint does state both legal and factual allegations about the defendant's actions and conduct and the liabilities of the defendants for such actions. In support of the plaintiff's complaint and the facts and conclusions stated within the complaint the plaintiff filed a sworn declaration which contains strong material evidence in support of the plaintiff's causes of action and the defendants liabilities. The plaintiff has clearly stated a claim in which relief can be granted.

The defendants have failed to explain how compensatory damages Under California Penal Code 502 (e) can be taken when no prosecution has taken place under California Penal Code 502 (c) allowing such damages to be collected. The defendants and all of them have willfully and

Plaintiff's Verified Motion in Opposition to Defendant Simon Group Consulting, Inc.'s (1) Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction, (2) Rule 12 (b)(5) Motion to Dismiss for Insufficient Service of Process, and (3) Rule 12 (b)(6) Motion to Dismiss for Failure to State a Claim

knowingly violated all the plaintiffs constitutionally protected rights with this under the table 502 prosecution.

**Summons Served upon Defendant Simon Group Consulting, Inc.**

**Pursuant to 2024 California Rules of Court Rule 1.21**

According to the California Secretary of State business search https://bizfileonline.sos.ca.gov/search/business, defendant Simon Group Consulting Inc. has not filed a Statement of Information since February 2023. Therefore, it is not clear upon whom the service of summons shall be served. However, plaintiff is aware, and the record reflects that attorney defendant Sarju A. Naran is the attorney for Simon Group Consulting, Inc. in related lateral litigation case(s) #22CV396254.

Proof Of Service; Ca. Civ. Proc. Code § 416.10; (a-b) A summons may be served on a corporation by delivering a copy of the summons and the complaint by any of the following methods:

    (a) To the person designated as agent for service of process as provided by any provision in Section 202, 1502, 2105, or 2107 of the Corporations Code (or Sections 3301 to 3303, inclusive, or Sections 6500 to 6504, inclusive, of the Corporations Code, as in effect on December 31, 1976, with respect to corporations to which they remain applicable).

    (b) To the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, **or a person authorized by the**

Plaintiff's Verified Motion in Opposition to Defendant Simon Group Consulting, Inc.'s (1) Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction, (2) Rule 12 (b)(5) Motion to Dismiss for Insufficient Service of Process, and (3) Rule 12 (b)(6) Motion to Dismiss for Failure to State a Claim

**corporation to receive service of process**. (Ca. Civ. Proc. Code § 416.10; Amended by Stats 2006 ch 567 (AB 2303),s 7, eff. 1/1/2007)

Federal Service of Summons upon a corporation is satisfied if the following events take place pursuant to Federal Rules of Civil Procedure Rule 4 (h)(1)(B):

"(h) SERVING A CORPORATION, PARTNERSHIP, OR ASSOCIATION. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:

(1) in a judicial district of the United States:

(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, **or any other agent authorized by appointment or by law to receive service of process** and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant; or

(2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Plaintiff effectuated the service of the Federal Summons when Daniel Cross, a process server personally delivered said Summon to the secretary of Sarju A. Naran an attorney of record for defendant Simon Group Consulting Inc.

---

Plaintiff's Verified Motion in Opposition to Defendant Simon Group Consulting, Inc.'s (1) Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction, (2) Rule 12 (b)(5) Motion to Dismiss for Insufficient Service of Process, and (3) Rule 12 (b)(6) Motion to Dismiss for Failure to State a Claim

In California it is appropriate to serve a party's attorney if they are represented. 2024 California Rules of Court Rule 1.21 (a): **(a) Service on a party or attorney:** Whenever a document is required to be served on a party, the service must be made on the party's attorney if the party is represented. *(Subd (a) amended effective January 1, 2007.)*

California Code, Code of Civil Procedure - CCP § 1011

**Cal. Code of Civ. Pro. allows for an attorney to be served by leaving papers and documents with their receptionist as stated (verbatim) below:**

**The service may be personal, by delivery to the party or attorney on whom the service is required to be made, or it may be as follows:**

  (a) If upon an attorney, service may be made at the attorney's office, by leaving the notice or other papers in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or with a person having charge thereof.

Defendant attorney Sarju A. Naran currently represents Simon Group Consulting Inc. in related litigation and has been designated as his attorney of record by Defendant Simon Group Consulting, Inc. Service of Summons was upon Mr. Naran's receptionist Donna Rodriguez. Proof of service was then amended to correct the service dates of service and filed with this court. Process Server is available to testify as to his documentation and actions in said service. Plaintiff meets the requirements of effective Service of Summon upon defendant Simon Group Consulting, Inc.

**In Conclusion**

Plaintiff's Verified Motion in Opposition to Defendant Simon Group Consulting, Inc.'s (1) Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction, (2) Rule 12 (b)(5) Motion to Dismiss for Insufficient Service of Process, and (3) Rule 12 (b)(6) Motion to Dismiss for Failure to State a Claim

concerning Scott Simon, The Simon Group, Simon Group Consulting, Inc., Scott Simon LLC and their activities, and their intentions. 28 U.S.C. § 1746.

Date: 5/3/2024

*[Signature: Katrina P. Petrin]*
Signature

Plaintiff's Verified Motion in Opposition to Defendant Simon Group Consulting, Inc.'s (1) Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction, (2) Rule 12 (b)(5) Motion to Dismiss for Insufficient Service of Process, and (3) Rule 12 (b)(6) Motion to Dismiss for Failure to State a Claim

This court has personal jurisdiction to hear this complaint. The plaintiff filed A complaint upon which relief can be granted. And the service of process was sufficient and within the laws of California Civil Procedure. This court has the right to oversee and adjudicate this matter and therefore the defendants request for dismissal should be denied.

Date: 5/3/2024

*Katrina P. Petrini*
Signature

**PLAINTIFF'S VERIFICATION**

I, Katrina P. Petrini, declare as follows:

1. I am a Plaintiff in the present case, a citizen of the United States of America, and a resident of the State of Texas.

2. I have personal knowledge of myself, my activities, and my intentions, including Those set out in the foregoing Plaintiff's Verified Motion in Opposition to Defendant Simon Group Consulting, Inc.'s (1) Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction, (2) Rule 12 (b)(5) Motion to Dismiss for Insufficient Service of Process, and (3) Rule 12 (b)(6) Motion to Dismiss for Failure to State a Claim; and if called onto testify I would competently testify as to the matters stated herein.

3. I have personal knowledge of facts of the case, their activities, and their intentions, including those set out in the foregoing Plaintiff's Verified Motion in Opposition to Defendant Simon Group Consulting, Inc.'s (1) Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction, (2) Rule 12 (b)(5) Motion to Dismiss for Insufficient Service of Process, and (3) Rule 12 (b)(6) Motion to Dismiss for Failure to State a Claim, and if called on to testify I would competently testify as to the matters stated herein.

4. I verify under penalty of perjury under the laws of the United States of America that the factual statements in the Plaintiff's Verified Motion in Opposition to Defendant Simon Group Consulting, Inc.'s (1) Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction, (2) Rule 12 (b)(5) Motion to Dismiss for Insufficient Service of Process, and (3) Rule 12 (b)(6) Motion to Dismiss for Failure to State a Claim concerning myself, my activities, and my intentions are true and correct, as are the factual statements

Plaintiff's Verified Motion in Opposition to Defendant Simon Group Consulting, Inc.'s (1) Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction, (2) Rule 12 (b)(5) Motion to Dismiss for Insufficient Service of Process, and (3) Rule 12 (b)(6) Motion to Dismiss for Failure to State a Claim