# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| KATRINA P. PETRINI,<br>*Plaintiff* | §<br>§<br>§ | |
| v. | §<br>§ | CASE NO. 1:24-CV-00202-RP |
| SARJU A. NARAN; RACHEL A.<br>GARCIA; HOGE, FENTON, JONES &<br>APPEL, INC.; SIMON GROUP<br>CONSULTING INC.; COUNTY OF<br>SANTA CLARA; SUPERIOR COURT<br>OF SANTA CLARA, and DOES 1-50,<br>*Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:   THE HONORABLE ROBERT PITMAN**
       **UNITED STATES DISTRICT JUDGE**

Before the Court are Defendants Sarju A. Naran and Rachel A. Garcia's Motion to Dismiss Under Rules 12(b)(2), 12(b)(5), and 12(b)(6), filed March 22, 2024 (Dkt. 15); Defendant Simon Group Consulting Inc.'s Motion to Dismiss Under Rules 12(b)(2), 12(b)(5), and 12(b)(6) (Dkt. 23) and Defendant Hoge, Fenton, Jones & Appel, Inc.'s Motion to Dismiss Under Rules 12(b)(2), 12(b)(5), and 12(b)(6), both filed April 24, 2024 (Dkt. 24); and the associated response and reply briefs.[1]

## I.   Background

In August 2016, Plaintiff Katrina P. Petrini began working as an office manager for The Simon Group, a California-based vocational rehabilitation counseling company, in Los Gatos, California. Dkt. 20-1 at 11. Petrini moved to Texas one year later and continued working for The Simon Group

---

[1] By Text Orders entered April 12 and May 13, 2024, the District Court referred the motions to dismiss for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

1

remotely. *Id.* at 2, 11. Defendant Simon Group Consulting Inc. ("Simon Group"), apparently the successor to The Simon Group, was formed in January 2021 and retained Petrini as an employee. *Id.* at 3; Dkt. 26 at 11. Petrini states that she was fired in March 2021 because she refused to sign Simon Group's new employee contract. Dkt. 20-1 at 3.

Petrini then started her own company in Texas, offering vocational rehabilitation expert services for state and federal workers' compensation and return-to-work programs. Dkt. 26 at 2; Amended Complaint, Dkt. 8 at 11-12. Petrini alleges that Simon Group began to defame her "before potential clients and colleagues making unfounded accusations that caused substantial damage." Dkt. 20 at 2-3. Petrini sued Simon Group and shareholder Scott Simon in Superior Court of Santa Clara, California, alleging defamation and a whistleblower claim of insurance fraud. Dkt. 26 at 3; Dkt. 1-4 at 2; *Petrini v. Simon*, No. 22CV396254 (Cal. Super. Ct. filed Mar. 22, 2022) ("California Suit").

Simon Group hired the law firm Hoge, Fenton, Jones & Appel, Inc. ("Hoge Fenton") to represent it in the California Suit. Dkt. 23-1 at 3. Hoge Fenton attorneys Sarju Naran and Rachel Garcia began working on the case. Dkt. 15-1 at 2; Dkt. 15-2 at 2. Naran filed a cross-complaint on behalf of Simon Group, alleging, among other things, that Petrini copied Simon Group's confidential data and used it for her own business without permission, in violation of California Penal Code § 502, which permits civil actions. Dkt. 1-4 at 4-7; CAL. PENAL CODE § 502(e)(1). A default judgment for $171,654.56 was entered against Petrini on February 22, 2024. Dkt. 8 at 8-9.

Petrini then filed this suit under 42 U.S.C. § 1983, alleging that Naran, Garcia, Hoge Fenton, and Simon Group conducted an "illegal criminal prosecution" against her by suing her under the California Penal Code. Dkt. 8 at 4. Petrini alleges that Defendants the County of Santa Clara, the Superior Court of Santa Clara, and fifty "John Does" allowed the illegal prosecution to occur.

Dkt. 8 at 10-11. Neither of the Santa Clara Defendants has appeared, and no Doe Defendant has been identified.

Naran, Garcia, Hoge Fenton, and Simon Group ("Defendants") move to dismiss Petrini's claims for lack of personal jurisdiction under Rule 12(b)(2), lack of service under Rule 12(b)(5), and failure to state a claim under Rule 12(b)(6). Dkts. 15, 23-24. The Court recommends that this case be dismissed because it lacks personal jurisdiction over Defendants.

## II.     Legal Standard

Federal courts may not rule on the merits of a case without first determining that they have "jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)." *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007). Under Rule 12(b)(2), a court must dismiss a claim if it lacks personal jurisdiction over the defendant. The plaintiff has the burden to establish personal jurisdiction. *Patterson v. Aker Sols. Inc.*, 826 F.3d 231, 233 (5th Cir. 2016). If the court rules on personal jurisdiction without an evidentiary hearing, the plaintiff must present evidence for a *prima facie* showing of jurisdiction. *Id.*; *Danzinger & De Llano, L.L.P. v. Morgan Verkamp, L.L.C.*, 24 F.4th 491, 495 (5th Cir. 2022). A court may consider the record as well as the allegations in the complaint. *Sangha v. Navig8 ShipManagement Priv. Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018).

On a motion to dismiss for lack of personal jurisdiction, uncontroverted allegations in the plaintiff's complaint must be taken as true. *Danzinger & De Llano*, 24 F.4th at 495. When the alleged facts are disputed, all conflicts between facts in the parties' affidavits should be resolved in the plaintiff's favor. *Bulkley & Assocs., L.L.C. v. Dep't of Indus. Rels., Div. of Occupational Safety & Health of the State of Cal.*, 1 F.4th 346, 350 (5th Cir. 2021). The *prima facie* standard

does not require a court to "credit conclusory allegations, even if uncontroverted." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001).

A federal court may assert personal jurisdiction if (1) the state's long-arm statute applies, and (2) due process is satisfied under the Fourteenth Amendment to the United States Constitution. *Johnston*, 523 F.3d at 609. In Texas, the long-arm statute authorizes exercise of jurisdiction over a nonresident to the full extent compatible with federal due process mandates. *Id.* Personal jurisdiction is proper if two requirements are met:

> First, the nonresident defendant must have purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with that forum state. Second, the exercise of jurisdiction over the nonresident defendant must not offend traditional notions of fair play and substantial justice.

*Felch v. Transportes Lar-Mex SA de CV*, 92 F.3d 320, 323 (5th Cir. 1996) (cleaned up). There are two kinds of "minimum contacts": those giving rise to general personal jurisdiction and those giving rise to specific personal jurisdiction. *Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins.*, 921 F.3d 522, 539 (5th Cir. 2019).

The Court construes Petrini's pleadings liberally because she is a *pro se* litigant. *Collins v. Dallas Leadership Found.*, 77 F.4th 327, 330 (5th Cir. 2023).

### III. Analysis

Defendants ask to dismiss Petrini's claims for lack of general and specific personal jurisdiction.

**A. General Jurisdiction**

A court may assert general jurisdiction over nonresident defendants "when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). Establishing general jurisdiction requires "extensive contacts between a defendant and a forum." *Johnston*, 523 F.3d at 609.

Both Naran and Garcia are residents of California who have never lived, been employed, or practiced law in Texas. Dkt. 15 at 5; Dkt. 15-1 at 3; Dkt. 15-2 at 3. Hoge Fenton is a California law firm with offices only in California. Dkt. 24 at 5, 8. Simon Group is a California corporation with its principal place of business in Los Gatos, California. Dkt. 23-1 at 2.

Petrini contests none of these jurisdictional facts. Because she has not shown that Defendants have continuous and systematic contacts with Texas, the Court lacks general personal jurisdiction over them.

## B. Specific Jurisdiction

Specific jurisdiction exists when (1) a nonresident defendant purposefully directs its activities at the forum state, and (2) the litigation results from alleged injuries that arise out of or relate to those activities. *Diece-Lisa Indus., Inc. v. Disney Enters.*, 943 F.3d 239, 250 (5th Cir. 2019).

Defendants argue that the Court lacks specific jurisdiction over them because they have not purposefully directed their activities at Texas, and the conduct that forms the basis of Petrini's lawsuit—the California Suit—was not directed at Texas. Dkt. Defendants correctly state that the "only mention of Texas in Plaintiff's Amended Verified Complaint is that Plaintiff is domiciled in Comal County, Texas." Dkt. 15 at 7; Dkt. 8 at 18.

### 1. Simon Group Lacks Minimum Contacts with Texas

Petrini argues that Simon Group has minimum contacts with Texas because she moved to Texas while employed with Simon Group and continued to work for it remotely. Dkt. 26 at 13. She argues that Simon Group directed and monitored her work in Texas and corresponded with her in this state. *Id.* at 10. Petrini also contends that Simon Group "buys and sells real property in the State of Texas under a subsidiary," which she assisted as part of her employment. *Id.* at 9.

For the Court to have specific jurisdiction over Simon Group, Petrini's claim must arise out of or result from its forum-related contacts. *ITL Int'l, Inc. v. Constenla, S.A.*, 669 F.3d 493, 500 (5th Cir. 2012). But Petrini asserts no claims arising out of her employment with Simon Group or its alleged real estate activities; all her claims and alleged injuries relate to Simon Group's cross-complaint. *See* Dkt. 8 at 11 (alleging that the injuries she has suffered include "extreme emotional distress and anxiety over being accused of a crime on the public civil docket"). The cross-complaint was based on Petrini's alleged data copying while she lived in Texas, but Petrini cannot use her own contacts with Texas to demonstrate Simon Group's. *Sangha*, 882 F.3d at 103.

The fact that Simon Group continued to employ Petrini after she moved to Texas is not enough to show Simon Group "aimed [its] activities at Texas" when it sued her for allegedly copying data. *Heavy Duty Prods., LLC v. Bandwdth, LLC*, No. A-14-CV-974-LY, 2015 WL 2374461, at *5 (W.D. Tex. May 12, 2015) (finding no personal jurisdiction over defendant that contracted with plaintiff in California and continued the relationship after plaintiff relocated to Texas), *R. & R. adopted*, 2015 WL 11430840 (W.D. Tex. July 21, 2015). Petrini argues that Simon Group was "well aware" of her residency in Texas, Dkt. 26 at 11, but Simon Group's actions in California did not create sufficient contacts with Texas simply because it directed its actions at Petrini knowing that she had Texas connections. *Walden v. Fiore*, 571 U.S. 277, 289 (2014). Petrini has not shown that Simon Group's cross-complaint was intentionally directed at Texas such that the Court may exercise specific jurisdiction over it.

2. **Naran, Garcia, and Hoge Fenton Lack Minimum Contacts with Texas**

Petrini does not allege that Naran and Garcia have any individual contacts with Texas. Rather, she contends that they have minimum contacts here because they represented Simon Group, which employed her in Texas, and because they knew she lived in Texas during the litigation. Dkt. 20 at

4-5. As discussed above, these arguments fail because Petrini's claims do not arise out of or relate to her employment with Simon Group, and simply knowing Petrini lived in Texas is insufficient to confer personal jurisdiction if Naran and Garcia's conduct was not directed at Texas. Both Naran and Garcia submit uncontested declarations that they do not live or work in Texas and all their interactions with Petrini related to their representation of Simon Group in California state court. Dkts. 15-1, 15-2. Petrini has not shown that Naran and Garcia's "conduct connects [them] to the forum in a meaningful way." *Walden*, 571 U.S. at 290.

Petrini argues that Hoge Fenton has minimum contacts with Texas because (1) its website is accessible in Texas, and (2) it is a member of the Mackrell International Legal Network. She submits evidence that Mackrell International is a network of 90 independent law firms in 60 countries, including Hoge Fenton in California and two firms in Texas. Dkt. 20-1 at 42-44.

Neither argument is persuasive. Petrini does not show how her claims arise out of or result from Hoge Fenton's website or its connections to Mackrell International. A defendant that runs a website that is accessible nationwide, but does not specifically target the forum state, does not create minimum contacts with the forum state. *Admar Int'l, Inc. v. Eastrock, L.L.C.*, 18 F.4th 783, 785 (5th Cir. 2021). Nor does Petrini explain how Hoge Fenton's membership in a legal network with Texas members shows its purposeful availment of Texas' benefits and protections. She fails to present a *prima facie* case of specific jurisdiction. *ITL Int'l*, 669 F.3d at 501.

### 3. The Cross-Complaint Does Not Confer Personal Jurisdiction

Petrini also argues that specific jurisdiction exists because Defendants committed a tort against her by filing Simon Group's cross-complaint against her in the California Suit. Dkt. 26 at 8. Petrini argues that the cross-complaint had "a direct effect in Texas" through her injuries. Dkt. 20 at 7-8.

"A forum State's exercise of jurisdiction over an out-of-state intentional tortfeasor must be based on intentional conduct by the defendant that creates the necessary contacts with the forum." *Trois v. Apple Tree Auction Ctr., Inc.*, 882 F.3d 485, 490 (5th Cir. 2018) (quoting *Walden*, 571 U.S. at 286). A court may exercise specific jurisdiction over nonresident defendants when the "'effects' of the alleged [tort] connected the defendants to [the forum State], not just to the plaintiff." *Walden*, 571 U.S. at 287. But "mere injury to a forum resident is not a sufficient connection to the forum. Regardless of where a plaintiff lives or works, an injury is jurisdictionally relevant only insofar as it shows that the defendant has formed a contact with the forum State." *Id.* at 290. The question is whether the defendant's conduct "connects it to the forum in a meaningful way," not whether the plaintiff "experienced an injury or effect in a particular location." *Sangha*, 882 F.3d at 103-04.[2]

Petrini argues that the cross-complaint conferred personal jurisdiction over Defendants because they knew that their actions would "have a negative effect in Texas." Dkt. 20 at 8. The "injury suffered in a malicious prosecution tort is the institution of criminal or civil proceedings where the institution ought not to have occurred." *Allred v. Moore & Peterson*, 117 F.3d 278, 283 (5th Cir. 1997) (holding that Mississippi court did not have personal jurisdiction over defendants who filed a lawsuit against Mississippi plaintiff in Louisiana). The alleged injury forming the basis of Petrini's § 1983 claims was the filing of the cross-complaint, which occurred in California. *See Bizware Soft. Sols., Inc. v. Groupe Counseil Gabriel Amar et Associés Inc.*, No. A-11-CA-316-SS, 2011 WL 13324036, at *8 (W.D. Tex. Aug. 8, 2011) (finding no personal jurisdiction over malicious prosecution claim against nonresident defendant who sued resident plaintiff in Canada).

---

[2] Courts apply the same tort standards to § 1983 claims against nonresidents. *See Def. Distributed v. Grewal*, 971 F.3d 485, 494 (5th Cir. 2020) (holding specific jurisdiction existed over foreign attorney general based on tortious contacts with Texas); *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476, 483 (5th Cir. 2008) (noting that it is "normally accurate" to analyze § 1983 claims as torts for purposes of the long-arm statute).

That Petrini felt the effects of the lawsuit in Texas is insufficient to confer personal jurisdiction because otherwise, "a nonresident defendant would be subject to jurisdiction in Texas for an intentional tort simply because the plaintiff's complaint alleged injury in Texas to Texas residents regardless of the defendant's contacts." *Panda Brandywine*, 253 F.3d at 870. Any reputational or other damages Petrini sustained in Texas because of the cross-complaint cannot serve as the basis for personal jurisdiction if Defendants' filing of the cross-complaint did not "form[] a contact" with Texas. *Walden*, 571 U.S. at 290. Petrini's claims that she received service of process and other documents related to the suit in Texas also are insufficient to create minimum contacts that support personal jurisdiction. *Byrd v. Glob. Recovery Grp., LLC*, No. SA-20-CA-1020-FB, 2021 WL 2678662, at *5 (W.D. Tex. Feb. 22, 2021). Petrini has not shown how the effects of the cross-complaint connect Defendants to this state.

## C. The Court Lacks Personal Jurisdiction over Santa Clara County, the Superior Court of Santa Clara, and the Doe Defendants

As stated, Santa Clara County, the Superior Court of Santa Clara, and the fifty Doe Defendants have not appeared in this action, but a court may raise personal jurisdiction *sua sponte*. *See Sys. Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY*, 242 F.3d 322, 324 (5th Cir. 2001) ("The district court committed no error in raising the issue of personal jurisdiction *sua sponte*."). This Magistrate Judge recommends that the District Court dismiss the Santa Clara and Doe Defendants *sua sponte* for lack of personal jurisdiction.

Petrini alleges that Santa Clara County and the Superior Court of Santa Clara violated her rights by allowing Simon Group's cross-complaint against her to proceed, denying her motions in Superior Court, and failing to act when informed of "the civil rights violations taking place." Dkt. 8 at 10. She makes no allegations that Santa Clara County or the Superior Court of Santa Clara

9

"purposefully directed" any activities at Texas or otherwise have any Texas contacts, so this Court lacks personal jurisdiction over them as nonresidents. *Diece-Lisa Indus*, 943 F.3d at 250.

In her Amended Complaint, Petrini appears to allege only that Doe Defendants 1 and 2 are employees of Santa Clara County and the Superior Court of Santa Clara, Dkt. 8 at 10-11, and makes no allegations against Doe Defendants 3 through 50. With no other allegations connecting the Doe Defendants to Texas, the Court lacks personal jurisdiction over them. *Silver v. Perez*, No. SA-20-MC-0655-JKP, 2020 WL 3790489, at *4 (W.D. Tex. July 7, 2020) (dismissing "John Doe" defendants for lack of personal jurisdiction based on plaintiff's failure to allege any identifying information).

If a court raises personal jurisdiction *sua sponte*, it should "allow the plaintiff a reasonable opportunity to present any available evidence supporting the court's jurisdiction." *Id.* at 325. The fourteen-day objection period after this recommendation is a sufficiently reasonable opportunity. *Easterling v. U.S. Bank Nat'l Ass'n*, No. 3:18-CV-2528-C-BH, 2019 WL 6218771, at *6 n.8 (N.D. Tex. Nov. 5, 2019) (recommending *sua sponte* dismissal of "John Doe" defendants for lack of personal jurisdiction), *R. & R. adopted*, 2019 WL 6218444 (N.D. Tex. Nov. 21, 2019).

### IV.   Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Defendants Sarju A. Naran, Rachel A. Garcia, Simon Group Consulting Inc., and Hoge, Fenton, Jones & Appel, Inc.'s Motions to Dismiss Under Rule 12(b)(2) (Dkts. 15, 23-24) and **DISMISS** all Plaintiff Katrina P. Petrini's claims for lack of personal jurisdiction. Because the Court does not address the merits of Petrini's claims, it is recommended that they be dismissed without prejudice. *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021).

It is **ORDERED** that the Clerk remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable Robert Pitman.

## V. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on July 12, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE