Katrina P. Petrini
1526 Roadside Drive
Canyon Lake TX
kat@labormarketguide.com

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF TEXAS

# AUSTIN DIVISION

| | |
|---|---|
| Katrina P. Petrini,<br><br>    Plaintiff,<br><br>v.<br><br>Sarju A. Naran, Rachel A. Garcia., Law Firm Hoge, Fenton, Jones & Appel, Inc., Simon Group Consulting, Inc., County of Santa Clara, Superior Court of Santa Clara,<br>Does 1 to 50,<br><br>    Defendants. | CASE NO.: 1:24CV-202-RP<br><br>Plaintiff's Request to Transfer Venue Pursuant to 28 U.S.C. §1406(a) |

### Plaintiff's Request to Transfer Venue Pursuant to 28 U.S.C. §1406(a)

The Plaintiff comes before the Court requesting this court to Transfer Venue pursuant to 28 U.S.C. § 1406(a) to the United States District Court, Northern District of California, San Jose location.

### Plaintiff's Request to Transfer Venue Pursuant to 28 U.S.C. §1406(a)

# Background

The plaintiff brought this complaint before the 5th District Federal court as a remote worker domiciled resident of Texas. The defendants filed motions to dismiss for lack of personal jurisdiction amongst other reasons. This court has determined that the remote worker relationship with the defendant is insufficient for this court to establish personal jurisdiction over the defendants and has recommended dismissal on those grounds. This court has not considered the merits of the case and only recommends dismissal without prejudice. The plaintiff is requesting this court transfer venue to a location in which personal jurisdiction and venue could not be an issue for the defendants. Which would be proper in the United States District Court, Northern District of California, San Jose location.

# Facts

### Lack of Personal Jurisdiction in the Transferor

Federal law allows a district court to transfer an action even if it lacks personal jurisdiction over the defendant; however, the precise statutory basis for this power has caused some confusion.

In Goldlawr v. Heiman, 396 U.S. 463 (1962), the Supreme Court held that § 1406 extends to cases in which the transferor court lacks personal jurisdiction. *See id.* at 466. The Court reasoned that such transfers further the statute's goal of "expeditious and orderly adjudication of cases and controversies on their merits," and that the statute's language "is amply broad enough to authorize" such transfers. *Id.* at 466–67. Some subsequent lower-court cases

### Plaintiff's Request to Transfer Venue Pursuant to 28 U.S.C. §1406(a)

applied this logic to § 1404 transfers as well. *See, e.g., United States v. Berkowitz*, 328 F.2d 358, 361 (3d Cir. 1964). In 1982, Congress passed a new statute that explicitly authorizes a district court to transfer a case when it "finds that there is a want of [personal] jurisdiction." See 28 U.S.C. § 1631 (2006).

Venue in the United States District Court, Northern District of California located in San Jose California would be considered a proper venue as:

1. All of the Defendants are located within 30 miles of the United States District Court, Northern District of California, San Jose location.
2. The defendants actions that brought this claim before this court took place in San Jose, California.
3. All witnesses are located in San Jose California or the surrounding area.
4. The defendants litigation cost will be reduced due to the proximity of the Venue to the location of the defendants.
5. The United States District Court, Western District of Texas, Austin Division, has not considered the merits of the Plaintiffs complaint and therefor it remains in the interest of justice for this court to transfer venue to the United States District Court, Northern District of California to consider the merits of the plaintiff's complaint.
6. There is no conflict of law.
7. Venue has been determined to be improper in the United States District Court Western District of Texas and therefore it is proper to be transferred to the correct

**Plaintiff's Request to Transfer Venue Pursuant to 28 U.S.C. §1406(a)**

venue in the United States District Court, Northern District of California in San Jose, California.

The Plaintiff could have originally filed this complaint in the United States District, Northen District of California, San Jose California. The Plaintiff originally filed the complaint in the United States District Court Western District of Texas, Austin Division, as a domiciled Texas state resident and remote worker, however the court has recommended that the Plaintiffs case be dismissed for lack of personal jurisdiction and therefor it is proper to transfer this case to the United States District Court, Northern District of California, San Jose location under 28 U.S.C 1406(a). Section 1404 governs a transfer of venue only if the transferor court is itself a proper venue. (Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3844 (3d ed. 2013)). By contrast, when the original court is not a proper venue, 28 U.S.C. § 1406 directs the court to dismiss the case, or, "if it be in the interest of justice," to transfer it to a district "in which it could have been brought." As this court has not considered the merits of the complaint, it would be most proper, and in the interest of justice to transfer this case to the United States District Court Northern District of California, San Jose location.

Section 1404(a) requires that a Court ruling on a motion to transfer also take into account "the interest of justice." 28 U.S.C. § 1404(a) (1994); Volkswagen II, 545 F.3d at 315 ("When viewed in the context of § 1404(a), to show good cause means that a moving party, in order to support its claim for a transfer, must satisfy the statutory requirements and clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'"). The

**Plaintiff's Request to Transfer Venue Pursuant to 28 U.S.C. §1406(a)**

4

Federal Circuit has found that the "consideration of the interest of justice, which includes judicial economy, may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result." Regents of the Univ. of Cal. v. Eli Lilly & Co., 119 F.3d 1559, 1565 (Fed. Cir. 1997) (citations omitted); see also In Re Volkswagen, 566 F.3d 1349 (Fed. Cir. 2009) The cost to the court would not increase due to this transfer. The defendants and witnesses will be closer to the venue reducing costs and the merits of the Plaintiffs complaint can still be adjudicated by the court. This requested transfer is made in the interest of justice and preservation of judicial economy.

## Conclusion

It is proper for this court to transfer this case to the venue of the United States District Court Northern California, San Jose California in the interest of justice and the preservation of judicial economy. Respectfully submitted.

Date: 7/22/2024

_____
Katrina P. Petrini

Plaintiff's Request to Transfer Venue Pursuant to 28 U.S.C. §1406(a)

```
1  Katrina P. Petrini
2  1526 Roadside Drive
   Canyon Lake TX
3  kat@labormarketguide.com
4
```

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF TEXAS

# AUSTIN DIVISION

| | |
|---|---|
| Katrina P. Petrini, <br><br> Plaintiff, <br><br> v. <br><br> Sarju A. Naran, Rachel A. Garcia., Law Firm Hoge, Fenton, Jones & Appel, Inc., Simon Group Consulting, Inc., County of Santa Clara, Superior Court of Santa Clara, <br> Does 1 to 50, <br><br> Defendants. | CASE NO.: 1:24CV-202-RP <br><br> PROOF OF SERVICE |

On 7/22/2024, I served the following pleadings/legal documents:

**Plaintiff's Request to Transfer Venue Pursuant to 28 U.S.C. §1406 (a)**

I hereby certify that I have served the aforementioned documents on the following counsel of record by manner authorized by Federal Rules of Civil Procedure 5 (b)(2) by:

☐ Personal Service

☒ Certified Mail/USPS Priority Mail/USPS Mail/Electronic Service

**Parties Served:**

☒ Defendant:   Sarju A. Naran

PROOF OF SERVICE

1

| | | |
|---|---|---|
| 1 | | Represented by Ryan Squires, Esq. |
| 2 | | Scott Douglass & McConnico LLP |
| | | 303 Colorado Street, Suite 2400 |
| 3 | | Austin, Texas 78701 |
| 4 | | rsquires@scottdoug.com |
| 5 | | Anthony Arguijo, Esq. |
| | | Scott Douglass & McConnico LLP |
| 6 | | 303 Colorado Street, Suite 2400 |
| 7 | | Austin, Texas 78701 |
| | | aarguijo@scottdoug.com |
| 8 | | |
| 9 | ☒ Defendant: | Rachel A. Garcia |
| | | Represented by Ryan Squires, Esq. |
| 10 | | Scott Douglass & McConnico LLP |
| 11 | | 303 Colorado Street, Suite 2400 |
| | | Austin, Texas 78701 |
| 12 | | rsquires@scottdoug.com |
| 13 | | |
| | | Anthony Arguijo, Esq. |
| 14 | | Scott Douglass & McConnico LLP |
| 15 | | 303 Colorado Street, Suite 2400 |
| | | Austin, Texas 78701 |
| 16 | | aarguijo@scottdoug.com |
| 17 | ☒ Defendant: | Law Firm Hoge, Fenton, Jones & Appel, Inc. |
| 18 | | 55 South Market Street, #900 |
| | | San Jose CA 95113 |
| 19 | | |
| 20 | | Agent for Service of Process: |
| | | Daniel Ballesteros |
| 21 | | Hoge, Fenton, Jones & Appel, Inc. |
| | | 55 South Market Street, #900 |
| 22 | | San Jose CA 95113 |
| 23 | | daniel.ballesteros@hogefenton.com |
| 24 | | Represented by Ryan Squires, Esq. |
| 25 | | Scott Douglass & McConnico LLP |
| | | 303 Colorado Street, Suite 2400 |
| 26 | | Austin, Texas 78701 |
| 27 | | rsquires@scottdoug.com |
| 28 | | Anthony Arguijo, Esq. |
| | | Scott Douglass & McConnico LLP |

PROOF OF SERVICE

|   |   |   |
|---|---|---|
| | | 303 Colorado Street, Suite 2400 |
| | | Austin, Texas 78701 |
| | | aarguijo@scottdoug.com |
| | ☒ Defendant: | Simon Group Consulting, Inc. |
| | | 15951 Los Gatos Blvd., Suite 2 |
| | | Los Gatos CA 95032 |
| | | |
| | | Kate Valent |
| | | SCHEEF & STONE LLP |
| | | 2600 Network Blvd., Suite 400 |
| | | Frisco, Texas 75034 |
| | | t. (214) 472-2100 |
| | | f. (214) 472-2150 |
| | | Kate.Valent@solidcounsel.com |
| | ☒ Defendant: | County of Santa Clara |
| | | 70 West Hedding Street, East Wing, 9th Floor |
| | | San Jose CA 95110 |
| | ☒ Defendant: | Superior Court of Santa Clara – Court Executive Officer |
| | | 191 North First Street |
| | | San Jose CA 95113 |

Date: 7/22/2024

_____
Signature

Bunker Rogge
Print Name

# PROOF OF SERVICE

3