IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KATRINA P. PETRINI, | § § | |
| Plaintiff, | § § | |
| v. | § § | 1:24-CV-202-RP |
| SARJU A. NARAN, et al., | § § | |
| Defendants. | § § | |

## ORDER

Before the Court is the report and recommendation from United States Magistrate Judge Susan Hightower concerning Defendants Sarju A. Naran and Rachel A. Garcia's Motion to Dismiss, (Dkt. 15); Defendant Simon Group Consulting, Inc.'s Motion to Dismiss, (Dkt. 23), and Defendant Hoge, Fenton, Jones & Appel, Inc.'s Motion to Dismiss, (Dkt. 24). (R. & R., Dkt. 31). Pursuant to 28 U.S.C. § 636(b) and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Judge Hightower issued her report and recommendation on July 12, 2024 recommending dismissal due to lack of personal jurisdiction. (*Id*). As of the date of this order, no party has filed objections to the report and recommendation.

Pursuant to 28 U.S.C. § 636(b), a party may serve and file specific, written objections to a magistrate judge's proposed findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure de novo review by the district court. When no objections are timely filed, a district court can review the magistrate's report and recommendation for clear error. *See* Fed. R. Civ. P. 72 advisory committee's note ("When no timely objection is filed, the [district] court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Because no party has filed timely objections, the Court reviews the report and recommendation for clear error. Having done so and finding no clear error, the Court accepts and adopts the report and recommendation as its own order.

Also before the Court is Plaintiff's motion to transfer her case to the U.S. District Court for the Northern District of California, San Jose Division. (Dkt. 32). Defendants Sarju A. Naran, Rachel A. Garcia, and Hoge, Fenton, Jones & Appel, Inc. do not oppose transfer if their remaining "Rule 12(b) motions remain pending and are reserved for consideration" after transfer. (Dkt. 33). The other Defendants did not file an opposition to Plaintiff's motion to transfer her case.

28 U.S.C. § 1406(a) grants the district court discretion to either dismiss or transfer a case when it finds there is a lack of personal jurisdiction, "if it be in the interest of justice." Here, the Court finds that transferring the case is not in the interest of justice because the U.S. Magistrate Judge issued a report and recommendation recommending dismissal, to which no party objected. (Dkt. 31). As discussed above, no party having made objections, this Court reviewed the Magistrate Judge's report and recommendation for clear error and found none. The Court finds it is in the interest of justice and judicial economy to adopt Magistrate Judge Hightower's order dismissing the case, rather than reject her findings to which no party objected and transfer the case to another federal court to consider Rule 12(b) motions. While the Court has discretion to transfer a case, the Court cannot *both* dismiss and transfer the case. *See Herman v. Cataphora, Inc.*, 730 F.3d 460, 463 (5th Cir. 2013).

Plaintiff also filed a Motion to Remand. (Dkt. 35). Defendant Simon Group Consulting, Inc. filed a response, (Dkt. 36), to which Plaintiff replied, (Dkt. 37). As an initial matter, Plaintiff cites no authority for remand here, where Plaintiff initiated the case in federal court and the case was not removed from state court. Plaintiff cites 28 U.S.C. § 1441, 1443, and 1446. Those statutes cover removal from state to federal court (and subsequent remand from federal to state court) but do not

provide her with an avenue to ask this Court to remand her case to state court. Plaintiff's filing appears to be an improperly styled request for removal of an outcome of a state court action which is the subject of her federal complaint. As previously discussed, this Court adopts the Report and Recommendation of the Magistrate Judge and dismisses Plaintiff's federal complaint for want of personal jurisdiction. The Court finds that Plaintiff's Motion to Remand should be denied, and further advises that removal of a state court action must be timely noticed according to the requirements of federal law.

Accordingly, the Court **ORDERS** that the Report and Recommendation of the United States Magistrate Judge, (Dkt. 31), is **ADOPTED**. Defendants' Motions to Dismiss (Dkt. 15, Dkt. 23, and Dkt. 24) are **GRANTED**. Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

Plaintiff's Motion to Change Venue (Dkt. 32) and Motion to Remand (Dkt. 35) are **DENIED**.

**SIGNED** on October 22, 2024.

_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE